# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CARLTON EUGENE HOOKER, JR.,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF VETERANS
　　AFFAIRS,
　　　　　Agency.

DOCKET NUMBER
AT-1221-14-0397-W-2

DATE: January 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carlton Eugene Hooker, Jr., Saint Petersburg, Florida, pro se.

Karen L. Mulcahy, Esquire, Bay Pines, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant filed an appeal, in which he alleged in pertinent part that, in response to protected disclosures made in his 2009 equal employment opportunity (EEO) complaint and in his 2009 Office of Special Counsel (OSC) complaint, the agency proposed his removal. *Hooker v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-14-0397-W-1 (W-1), Initial Appeal File (IAF), Tab 1. The appellant further alleged that the agency's action in this regard was taken in violation of 5 U.S.C. § 1214(f) and was a prohibited personnel practice (PPP) pursuant to 5 U.S.C. § 2302(b)(9). W-1, IAF, Tab 1. The appeal was dismissed without prejudice, pending a resolution of his related federal district court case with the agency. W-1, IAF, Tab 23.

¶3      The appeal was refiled. *Hooker v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-14-0397-W-2 (W-2), IAF, Tab 1. The administrative judge dismissed the appeal for lack of jurisdiction. W-2, IAF, Tab 10, Initial Decision (ID). Regarding the appellant's disclosure in his 2009 EEO complaint, the administrative judge determined that: (1) the disclosure was not protected under

the Whistleblower Protection Act (WPA) because it was covered under 5 U.S.C. §§ 2302(b)(1) and (b)(9), and not section 2302(b)(8); (2) the Whistleblower Enhancement Protection Act of 2012 (WPEA) permitted consideration of certain types of section 2302(b)(9) activity in a whistleblowing appeal, but the appellant did not show that his EEO complaint concerned "remedying a violation of paragraph (8)"; and (3) even if the appellant's EEO complaint involved remedying a violation of section 2302(b)(8), the relevant events occurred well before the effective date of the WPEA, and the WPEA provisions regarding section 2302(b)(9) were not entitled to retroactive effect. ID at 6-10 (citing, among other cases, *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629 (2014)). Regarding the appellant's 2009 OSC complaint and his later 2014 OSC complaint, the administrative judge noted that these complaints were "founded upon 5 U.S.C. [§] 2302(b)(9)," and he likewise concluded that these complaints did not form a basis for Board jurisdiction. ID at 10 (explaining that the Board held in *Hooker* that the WPEA should not be applied retroactively so as to grant the Board jurisdiction over IRA appeals under this section). The administrative judge also found that an alleged violation of 5 U.S.C. § 1214(f)[2] does not warrant a different outcome because this statutory section does not provide an independent basis for Board jurisdiction. ID at 10. Because of his findings on the jurisdictional issue, the administrative judge noted that he did not need to address the agency's arguments regarding the applicability of collateral estoppel and/or res judicata. ID at 11.

¶4      The appellant filed a petition for review, the agency filed a response, and the appellant filed a reply. W-2, Petition for Review (PFR) File, Tabs 1, 3-4. On review, the appellant appears to challenge the administrative judge's

---

[2] This statutory section reads: "During any investigation initiated under this subchapter, no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel."

jurisdictional analysis.  He reiterates that he made protected disclosures in his 2009 EEO complaint and his 2009 OSC complaint.  PFR File, Tab 1 at 12.  He also asserts that the administrative judge improperly denied his request to join this matter with his chapter 75 appeal, *Hooker v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-10-0367-B-4.  PFR File, Tab 1 at 15-16.  Finally, the appellant also includes several lengthy exhibits.  *See id.* at 20-89, Tab 4 at 16-100.

¶5        The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  We agree with the administrative judge that the appellant has not made a nonfrivolous allegation of Board jurisdiction.

¶6        Regarding his 2009 EEO complaint, the administrative judge correctly noted that in *Hooker*, 120 M.S.P.R. 629, ¶¶ 8-15, the Board declined to give retroactive effect to section 101(b)(1)(A) of the WPEA as it applied to the PPP described in 5 U.S.C. § 2302(b)(9)(B).  The rationale applied by the Board in *Hooker* was subsequently extended to PPPs described at 5 U.S.C. § 2302(b)(9)(A)(i) and (b)(9)(C).  *See, e.g.*, *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 15 (2014) (discussing the PPP described at section 2302(b)(9)(A)(i)); *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 7 (2014) (discussing the PPPs described at sections 2302(b)(9)(A)(i) and (b)(9)(C)).  Thus, because the relevant WPEA provisions are not entitled to retroactive effect, and the appellant's EEO complaint is not a protected disclosure under the WPA, the appellant did not make a nonfrivolous allegation of a protected disclosure in his 2009 EEO complaint.  *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013).  As noted by

the administrative judge, the appellant appeared to rely on 5 U.S.C. § 2302(b)(9) to support his assertion that his 2009 OSC complaint was protected activity, and we also discern no error with the administrative judge's conclusion that he did not make a nonfrivolous allegation of a protected disclosure in this regard.[3]  Finally, the appellant has not persuaded us that the administrative judge erred in concluding that the statute at 5 U.S.C. § 1214(f) was not an independent source of Board jurisdiction.  *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation).

The administrative judge denied the appellant's request to join this matter with *Hooker v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-10-0367-B-4, and he also denied the appellant's reconsideration request.  *See* ID at 2 n.1.  We discern no error with this decision.  Given the different nature of the appeals—a chapter 75 appeal and an IRA appeal—coupled with the fact that each appeal had been proceeding before different administrative judges, we conclude that joinder would not expedite processing of the cases and/or would adversely affect the parties.  *See* 5 C.F.R. § 1201.36.

¶7    On review, the appellant includes: a May 20, 1998 Equal Employment Opportunity Commission Directives Transmittal and the Compliance Manual; the November 13, 2009 notice of proposed removal; the October 30, 2009 EEOC Counselor's report; the December 14, 2009 correspondence regarding partial acceptance of the appellant's EEO complaint; the 2009 decision letter on the proposed removal; and the March 4, 2010 Investigative report in the EEO matter.

---

[3] The appellant stated in his response to the jurisdiction order that the personnel action that he was appealing was the proposed removal.  W-1, IAF, Tab 20 at 15-16; *see* ID at 10.  Although not specifically mentioned by the administrative judge, we note that the agency proposed his removal *prior* to the filing of the 2009 OSC complaint.  *Compare* W-1, IAF, Tab 6 at 86-91 (November 13, 2009 notice of proposed removal), *with id.* at 141-54 (November 18, 2009 OSC complaint).  His 2009 OSC complaint therefore could not have been a contributing factor in the agency's decision to propose his removal.  *See McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶ 22 (2008).

PFR File, Tab 1 at 20-89.  It appears that this documentation was included in the record below, and thus, it is not new evidence.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).  Even if this evidence could somehow be considered "new" evidence, it does not change our analysis of the jurisdictional issue or our finding that the administrative judge correctly dismissed the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.